# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DANIEL W. TAYLOR, | : | |
| INMATE NO. 0816052, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-1894-CAP |
| SHERIFF TED JACKSON, | : | |
|     Defendant. | : | |

## ORDER AND OPINION

Plaintiff has submitted the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.    The Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived

him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (more than merely "conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

II. Discussion

Plaintiff states that on May 9, 2008, Sergeant Wesley Carmack unlawfully entered Plaintiff's home, beat him with a weapon, and shot him.[1] (Doc. 1 at ¶¶ IV-V.) Plaintiff alleges that he has made several unsuccessful attempts to have

---

[1] Plaintiff currently has a civil rights action pending against Carmack. Taylor v. Carmack, Civil Action No. 1:08-CV-3262-CAP.

2

Carmack arrested. (Id. at ¶ IV.) Plaintiff asks this Court to order Defendant Ted Jackson, the Fulton County Sherif, to arrest Carmack. (Id. at ¶ V.)

The act of arresting an individual is a discretionary one, and Defendant Jackson's alleged failure to arrest Carmack does not state a claim under federal law. See Town of Castle Rock v. Gonzales, 545 U.S. 748, 761-66 (2005); Lewis v. City of St. Petersburg, 260 F.3d 1260, 1266 (11th Cir. 2001). Consequently, Plaintiff's civil rights action must be dismissed as frivolous.

III. Conclusion

**IT IS ORDERED** that this civil rights action [Doc. 1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A. For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this 30th day of July, 2009.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)